UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT SPEED,

                                        16 cv 4500 (PKC)

                          Petitioner,

       -against-                        OPINION
                                         <u>AND ORDER</u>


UNITED STATES OF AMERICA,

                          Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

              Petitioner Robert Speed moves to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.  (Doc 114.)  Speed argues, <u>inter</u> <u>alia</u>, that in light of the rules announced by the Supreme Court in <u>Johnson v. United States</u>, 576 U.S. 591 (2015) and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), his conviction for possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three) cannot stand because the Court must assume that the predicate "crime of violence" was RICO conspiracy (Count Two), which no longer qualifies as a "crime of violence" under the statute.  Speed alternatively argues that even if the Court were to consider the substantive RICO count (Count One) as the predicate offense, it also does not qualify as a "crime of violence" and thus warrants vacatur of the Count Three conviction, and re-sentencing.  For the reasons set forth below, Speed's motion will be denied.

BACKGROUND

              On November 9, 2005, a jury convicted Speed of seven counts of an eight-count indictment.  (Superseding Indictment (Doc 55); Trial Tr. (Doc 114, Ex. 4) at 1811-16.)  Speed

was convicted on Count One, a substantive racketeering charge, in violation of the Racketeer

Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c); Count Two,

racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); Count Three, possession of a

firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and 2;

Count Four, unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Five,

conspiracy to transport stolen goods in interstate commerce and to sell stolen goods, in violation

of 18 U.S.C. § 371; Count Six, interstate transportation of stolen property, in violation of 18

U.S.C. § 2314 and 2; and Count Seven, possession and sale of stolen property, in violation of 18

U.S.C. § 2315 and 2.  (Presentence Investigation Report ("PSR") (Doc 114, Ex. 1).)  The jury

acquitted Speed on Count Eight, which charged a Hobbs Act conspiracy in violation of 18

U.S.C. § 1951(a).  (Doc 55; Amended Judgment (Doc 75).)

At trial, the Court instructed the jury on Count Three, in relevant part:

To find the defendant Robert Speed guilty of the crime in the indictment, the government must prove each of the following elements beyond a reasonable doubt.

First, that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States.

Second, that between in or about 1995 and in or about January 2002, Robert Speed used, carried or possessed a firearm or aided and abetted others to do so.

Third, that the defendant did so unlawfully, willfully and knowingly.

Fourth, that the defendant used and carried the firearm during and in relation to a crime of violence, namely, the offenses charged in Counts 1 and 2, or that the defendant possessed the firearm in furtherance of any such crime of violence.

Although not a required element of the charge, you will also be asked whether the defendant brandished a firearm during and in relation to a crime of violence.

The first element that the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States.

As I have already instructed you, the defendant is charged in Count 1 with, among other things, participating in a racketeering enterprise that committed robberies

and conspired to commit robberies, and in Count 2 the defendant is charged with conspiring to participate in the RICO enterprise.

I instruct you the crimes of Count 1 and Count 2 are crimes of violence. It is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed the crimes of violence charged in Count 1 and Count 2.

Further, Count 1 of the indictment charges that the defendant committed several different conspiracies to commit robbery and robberies. You may find the defendant is guilty of more than one of the conspiracies to commit robbery, robberies and/or robberies. However, you need not find that the defendant is guilty in one of the conspiracies to commit robberies or one of the robberies to find that the defendant committed a crime of violence, but you must be unanimous with respect to the crime of violence that you find the defendant committed.

Finally, in order for you to find the defendant guilty of Count 3 in connection with the crime of violence in Count 1, you must further find that the defendant used or carried a firearm during and in relation to or possessed a firearm in furtherance of one or more of the conspiracies to commit robberies or one or more of the robberies in Count 1.

(Doc 114, Ex. 4 at 1736-37.)

The Court adopted a Sentencing Guidelines range of 408 to 489 months' imprisonment.  (PSR at 48; Doc 114, Ex. 2 at 62.)  On May 19, 2006, the Court sentenced Speed to a total of 420 months' imprisonment.  (Doc 114, Ex. 2 at 63-65.)  Specifically, and as is relevant here, Speed received a sentence of 84 months' imprisonment on Count Three, to run consecutively to the other counts.  (Id. at 65.)

Speed moved for a judgment of acquittal on Count Three pursuant to Rule 29, Fed. R. Crim. P., asserting that the government failed to prove venue in this District.  The Court denied Speed's motion.  (Doc 64.)  Speed also moved for relief pursuant to section 2255, and the Court denied his motions.  (Docs 88, 90, 94.)

On June 14, 2016, Speed filed a "placeholder" petition to vacate his sentence again pursuant to 18 U.S.C. § 2255, and simultaneously filed a motion in the United States Court of Appeals for the Second Circuit for permission to proceed with a successive section 2255

motion based on the Supreme Court's decision in United States v. Johnson, 576 U.S. 591 (2015).

(Docs 98, 99, 100, 102.)  The Second Circuit granted his motion.  (Speed v. United States, 16-

1863, Doc 26.)  After stays of the motion pending the outcome of various cases before the

Supreme Court and the Second Circuit, a briefing schedule was set on July 19, 2019.  (Doc 113.)

DISCUSSION

    A.  Legal Framework

        Section 924(c)(1)(A)(ii) provides, in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .

> if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is referred to as "the elements clause" and subsection (B) is referred to as "the

residual clause."  United States v. Davis, 139 S. Ct. 2319, 2324 (2019).  In Davis, the Supreme

Court held that the residual clause of section 924(c) is unconstitutionally vague.  Id. at 2336.

The Court had previously held that a similar residual clause of the Armed Career Criminal Act

("ACCA"), at issue in Johnson v. United States, 576 U.S. 591, 597 (2015) was unconstitutionally

vague, finding that the clause "[left] great uncertainty about how to estimate the risk posed by a

crime," as it "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a

crime, not to real-world facts or statutory elements."  The Supreme Court further noted that "the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."  Id. at 598; see Davis, 139 S. Ct. at 2325-26 (discussing Johnson).  In order for a conviction under 18 U.S.C. § 924(c) to stand, therefore, the predicate offense must be a "crime of violence" as defined by the elements clause, 18 U.S.C. § 924(c)(3)(A).

Determining whether an offense is a "crime of violence" requires a "categorical approach," as opposed to a case-specific approach.  Davis, 139 S. Ct. at 2328; United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) (describing the Supreme Court's holding in Davis).  Under the categorical approach, "courts may look only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions."  Descamps v. United States, 570 U.S. 254, 261 (2013) (internal quotation marks and citation omitted) (emphasis in original); United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006) ("Under this categorical approach, we focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime.").  "Consequently, only the minimum criminal conduct necessary for conviction under a particular statute is relevant."  Acosta, 470 F.3d at 135.

Where a statute has "a more complicated (sometimes called 'divisible') structure," and lists alternative elements, "thereby defin[ing] multiple crimes," courts may employ a "modified categorical approach" whereby they "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  Mathis v. United States, 136 S. Ct. 2243, 2249 (2016).

B.  Speed Did Not Procedurally Default

The government argues that Speed cannot raise a claim based on Johnson and Davis in a section 2255 motion because he failed to raise it on direct appeal, and therefore procedurally defaulted. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'"  Bousley v. United States, 523 U.S. 614, 622 (1998).  Speed demonstrates cause and prejudice.

Prior to Johnson and Davis, Speed's claim would have been "so novel that it was not reasonably available to counsel at the time."  Vilar v. United States, 16 cv 5283 (CS), 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020).  "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."  Reed v. Ross, 468 U.S. 1, 16 (1984); see Aquino v. United States, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) (Castel, J.) (cause requirement satisfied and finding "that there was no procedural default in failing to raise a Johnson-type argument before Johnson was decided."); Camacho v. United States, 13 cr 58 (AKH), 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019) (finding cause existed where "Second Circuit caselaw at the time of Petitioner's direct appeal foreclosed his § 924(c) argument, and the Supreme Court did not take up or decide Johnson until after Petitioner filed his direct appeal.").  Therefore, Speed has established cause for failing to raise the claim on direct appeal.

Speed has also demonstrated prejudice.  Speed asserts that he was convicted and sentenced under a now-unconstitutionally vague statutory provision (the residual clause of section 924(c)(3)).  If this contention is correct, then he would suffer the prejudice of a legally

invalid conviction, and the attending 84 months' imprisonment to which he was sentenced on that conviction.  See Aquino, 2020 WL 1847783, at *2; Camacho, 2019 WL 3838395, at *2. The Court will therefore address the merits of Speed's motion.

C.  Substantive RICO Can Serve as the Predicate for Speed's Section 924(c) Conviction

At trial, the Court gave what was then a proper instruction on the law: that both Count One (the substantive RICO charge) and Count Two (RICO conspiracy) were crimes of violence and therefore possible predicates for finding Speed guilty on Count Three.  (Doc 114, Ex. 5 at 1736-37.)  When returning a guilty verdict on Count Three, the jury did not make a specific finding as to whether the predicate on which they relied was Count One or Two.  (See Doc 114, Ex. 4 at 1814.)  Speed argues that because there was no special verdict specifying the basis for Speed's section 924(c) conviction on Count Three, the Court must assume that the lesser of the two possible predicates, Count Two (RICO conspiracy), is the basis for the Count Three conviction, and that RICO conspiracy can no longer be considered a crime of violence.

Speed is correct that in the aftermath of Davis, RICO conspiracy is no longer considered a crime of violence under section 924(c)(3).  See United States v. Brown, 797 F. App'x 52, 54 (2d Cir. 2019) (summary order) (where "the underlying crime of violence was a racketeering conspiracy . . . [t]he Government concedes that the Supreme Court's recent decision in United States v. Davis . . . requires vacatur of those counts of conviction [under 18 U.S.C. § 924(c)].");  Boykin v. United States, 16 cv 4185 (CM), 2020 WL 774293, at *5 (S.D.N.Y. Feb. 18, 2020) ("After Davis, it is unclear whether a conspiracy to commit a violent crime could any longer serve as a predicate 'crime of violence' for a § 924(c) firearms conviction.");  United States v. Johnson, 452 F. Supp. 3d 36 (S.D.N.Y. 2019) ("The Government concedes that, in light of Davis, racketeering conspiracy can no longer constitute a crime of violence."), appeal filed,

No. 19-3952 (2d Cir. Nov. 26, 2019); <u>Davis v. United States.</u>, 2019 WL 3429509, at *8

(S.D.N.Y. July 30, 2019) (Briccetti, J.) ("Under the reasoning of <u>United States v. Davis</u>, . . . as

the government acknowledges, Davis's firearms conviction under Section 924(c) must be

vacated."); <u>but</u> <u>see</u> <u>United States v. Howard</u>, 414 F. Supp. 3d 580, 604 (S.D.N.Y. 2019) (granting

motion for acquittal on section 924(c) conviction where the evidence failed to show that the

defendant "used a firearm 'in relation to' the RICO conspiracy or possessed it 'in furtherance of'

the conspiracy," but concluding that the underlying "RICO offense was a crime of violence, and

conspiracy to commit the RICO offense is a crime of violence too."); <u>appeal filed sub nom.</u>,

<u>United States v. White (Howard)</u>, No. 19-3833 (2d Cir. Nov. 18, 2019).  "This is because a

conspiracy to commit racketeering qualifies as a 'crime of violence' only under the so-called

residual clause of . . . 18 U.S.C. § 924(c)(3)(B), which the Supreme Court has now declared

unconstitutionally vague."  <u>Davis</u>, 2019 WL 3429509, at *8; <u>see</u> <u>also</u> <u>Barrett</u>, 937 F.3d at 128

(vacating section 924(c) sentence based on Hobbs Act robbery conspiracy "because the

identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause

definition, which <u>Davis</u> has now pronounced unconstitutionally vague.").  For these reasons, the

Court concludes that Count Two cannot be the predicate offense for Speed's section 924(c)

conviction.

        The Court disagrees with Speed's second contention: that because the conviction

on Count Three did not specify which of the two possible predicates was the basis for the 924(c)

conviction, the Court must assume that it was the lesser charge, here RICO conspiracy in Count

Two, rather than substantive RICO in Count One.  Speed cites <u>Johnson v. United States</u>, 559

U.S. 133, 136 (2010) for the proposition that where a conviction could rest on any one of several

disjunctive elements of a crime, a district court must "conclude that it rested upon . . . the least of

these acts."  But <u>Johnson</u> was referring to a statute which permitted he predicate offense of battery to be proven in any one of three ways, one of which was the mere touching of another.

In the context of section 924(c) convictions, the Second Circuit and courts in this District have held that the invalidity of one predicate conviction does not warrant vacatur of a section 924(c) conviction where there are other valid predicates.  Where a crime of violence and a drug trafficking crime are the two possible predicates for a 924(c) charge, the Second Circuit has looked to the validity of the drug trafficking predicate where crime of violence questions were raised.  <u>United States v. Vasquez</u>, 672 F. App'x 56, 60-61 (2d Cir. 2016) (summary order); <u>see also</u> <u>United States v. Ventura</u>, 742 F. App'x 575, 578 (2d Cir. 2018) (summary order) (doing the same to uphold a 924(j) conviction).  This is no different when the two predicate crimes are both crimes of violence, but only one is called into doubt.  <u>United States v. Walker</u>, 789 F. App'x 241, 244-45 (2d Cir. 2019) (summary order) (denying defendant-appellants' challenges to their section 924(c) convictions pursuant to <u>Davis</u> where those convictions rested on both conspiracy and substantive Hobbs Act convictions, as substantive Hobbs Act robbery remains a crime of violence pursuant to the elements clause); <u>United States v. White</u>, 16 cr 82 (VEC), 2020 WL 5117973, at *4 (S.D.N.Y. Aug. 31, 2020) ("Thus, where a § 924(c) conviction rests on multiple predicates, one of which has been invalidated, the conviction may stand only if the record factually establishes that the defendant committed another predicate offense that constitutes a 'crime of violence' under the elements clause of § 924(c)."), <u>appeal filed sub nom.</u>, <u>United States v. Santiago</u>, No. 20-3238 (2d Cir. Sept. 22, 2020);  <u>Simmons v. United States</u>, 2019 WL 6051443, at *2 (S.D.N.Y. Nov. 15, 2019) (Hellerstein, J.) ("When a § 924(c) conviction rests upon both a conspiracy to commit Hobbs Act robbery and a separate valid § 924(c) predicate offense, the conviction remains valid, even after <u>Davis</u> and <u>Barrett</u>.").

There were two possible valid predicates for Speed's Count Three conviction at the time of trial: substantive RICO in Count One, and RICO conspiracy in Count Two.  The jury was charged that "Count 1 and Count 2 are crimes of violence. It is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed the crimes of violence charged in Count 1 and Count 2."  (Doc 114, Ex. 5 at 1736-37.)  The record leaves no doubt that Count Three rested on convictions for both counts:

> The evidence presented by the government at trial was overwhelming.  Twenty-nine witnesses testified, including fourteen victims and two cooperating witnesses who described their own participation in the racketeering acts and enterprise and the charged conspiracy.  The government also introduced thirteen written messages from Speed, which were intended to convince one of the cooperating witnesses to file a false affidavit to explain how Speed's DNA got on the ski mask found after the Hunt Drive burglary.

Speed v. United States, 04 cr 336, 2012 WL 1003469 at *3 (S.D.N.Y. Mar. 26, 2012) (Castel, J.).

Speed's partner in crime testified at trial, confirming that he and Speed "each brought a gun. . . to the site of [at least one of the] home invasion[s].  United States v. Speed, 04 cr 336, 2006 WL 196971 at *2 (S.D.N.Y. Jan. 26, 2006) (Castel, J).  One of his victims testified that "the short guy grabbed me in the, by the dining room door, and I was struggling with him, trying to escape from him.  And in that moment, I saw that the short guy had a gun."  Id. (citing Tr. at 588).  The jury had an opportunity to compare the heights of Speed and his partner, and Speed was the shorter of the two.  Id.  In the face of this evidence, it is no surprise that the jury found Speed guilty of both substantive RICO and RICO conspiracy.  In fact, the jury found proven eight racketeering acts, including five robberies in New York, and one robbery in New Jersey.  In the face of these facts, the Court finds that Speed's Count Three conviction relied on both substantive RICO in Count One, and RICO conspiracy in Count Two as the predicate

crimes.  Thus, even if RICO conspiracy is no longer a crime of violence, another predicate crime remains.

  D.  <u>The Substantive RICO Conviction (Count One) Constitutes a Crime of Violence</u>

      Of course, finding that Speed's section 924(c) conviction rested upon both substantive RICO and RICO conspiracy is not the end of the matter.  The question that remains is whether the substantive RICO conviction charged in Count One is a "crime of violence" under the elements clause of section 924(c)(3), such that it would be a valid predicate for Speed's Count Three conviction.  The Court finds that it is.

      Count One charged Speed with a "pattern of racketeering activity," in violation of 18 U.S.C. § 1962(c).  Specifically, Speed was charged with having participated in the criminal activities of the "Speed Robbery Crew, which was engaged in, and the activities of which affected, interstate commerce, unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise . . . through the commission of" ten racketeering acts, as set forth in the indictment.  (Doc 55 at 4-13.)  Racketeering acts 1, 2, 4, 6, 8, 9, and 10 were premised upon both a conspiracy to commit robbery and a substantive charge of robbery.  (<u>Id.</u>)  Racketeering acts 3 and 7 were premised upon the crimes of interstate transportation of stolen property and possession and sale of stolen goods; racketeering act 5 was premised upon the crime of conspiracy to rob narcotics traffickers.  (<u>Id.</u>)  The jury convicted Speed on Count One and found that the following racketeering acts were proven: 2, 3, 4, 6, 8, 9, and 10.  (Doc 114, Ex. 4 at 1811-14.)  The jury was instructed that the racketeering acts had to be proven beyond a reasonable doubt and its verdict had to be unanimous as to which acts were proven.  (Doc 114, Ex. 5 at 1693.)  As will be developed, the Court need only focus on those predicate acts that are premised on the crime of robbery under New York law.

In order for Count One to be a valid predicate for Speed's Count Three conviction, the substantive RICO offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  Section 1962(c) of Title 18 prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  A "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5).

The Second Circuit has observed that "a conviction under § 1962 is not necessarily a conviction for a crime of violence," but rather, "[b]ecause racketeering offenses hinge on the predicate offenses comprising the pattern of racketeering activity, we look to the predicate offenses to determine whether a crime of violence is charged."  United States v. Ivezaj, 568 F.3d 88, 95-96 (2d Cir. 2009).  The Second Circuit went on to hold in Ivezaj: "[W]here the government proves (1) the commission of at least two acts of racketeering and (2) at least two of those acts qualify as 'crime[s] of violence' under § 924(c), a § 1962 conviction serves as a predicate for a conviction under § 924(c)."  Id. at 96.  After Davis, these predicate acts must be "crimes of violence" pursuant to the elements clause of § 924(c)(3)(A).  See United States v. Rodriguez, 94 cr 313 (CSH), 2020 WL 1878112, at *11 (S.D.N.Y. Apr. 15, 2020).

To determine whether the predicate racketeering acts are crimes of violence, the Court "employ[s] either a 'categorical approach,' or a 'modified categorial approach.'"  Boykin,

2020 WL 774293, at *5.  Under both approaches, the Court looks "only [to] the minimum

criminal conduct necessary for conviction under a particular statute . . . ."  Acosta, 470 F.3d at

135.  The Court "cannot go behind the offense as it was charged to reach [its] own determination

as to whether the underlying facts qualify the offense as . . . a crime of violence."  United States

v. Hill, 890 F.3d 51, 55 (2d Cir. 2018).

      Racketeering acts 4(b), 6(b), 8(b), 9(b), and 10(b), which the jury found proved,

were robberies in violation of New York Penal Law §§ 160.10 and 20.00.[1]  Section 160.10

provides:

> A person is guilty of robbery in the second degree when he forcibly steals
> property and when:
>
> 1.  He is aided by another person actually present; or
>
> 2.  In the course of the commission of the crime or of immediate flight therefrom,
>     he or another participant in the crime:
>
>> a.  Causes physical injury to any person who is not a participant in the
>>     crime; or
>>
>> b.  Displays what appears to be a pistol, revolver, rifle, shotgun, machine
>>     gun or other firearm; or
>>
>> c.  The property consists of a motor vehicle, as defined in section one
>>     hundred twenty-five of the vehicle and traffic law.
>
> Robbery in the second degree is a class C felony.

N.Y. Penal Law § 160.10.

      Section 20.00 of the New York Penal Law makes a person "criminally liable for"

the conduct of another if "when acting with the mental culpability required for the commission"

---

[1] The jury also found racketeering act 2 proved, which charged robbery under New Jersey Code of Criminal Justice, Title 2C, Chapters 15-1 and 2-6.  However, because Ivezaj requires at least two racketeering acts to be classified as crimes of violence, and all other potential predicate racketeering acts are robbery charges under the New York Penal Law, the crime of violence classification of the New York statute is both necessary and sufficient.

of the crime, "he solicits, requests, commands, importunes, or intentionally aids" the other

"person to engage in such conduct."

Because the robbery statute at issue criminalizes conduct in the alternative, the

"modified categorial approach" would apply here.  Mathis v. United States, 136 S. Ct. at 2249.

This permits the Court to look to the indictment and jury instructions "to determine what crime,

with what elements, [the] defendant was convicted of."  Id.  The Court, however, need not follow

this approach to determine that the robberies comprising these racketeering acts were crimes of

violence.  The language of the statute and prior decisions of the Second Circuit make it clear that

robbery under New York law is a crime of violence under the elements clause of section

924(c)(3)(A).

That a person must "forcibly steal" to be guilty of robbery under section 160.10

renders it categorically a crime of violence under section 924(c)(3)(A).  United States v. Ojeda,

951 F.3d 66, 72 (2d Cir. 2020) ("[T]he foundational element . . . i.e., forcible stealing . . . .

categorically requires the use of physical force.").  The robbery statute "has as an element the

use, attempted use, or threatened use of physical force against the person or property of another."

18 U.S.C. § 924(c)(3)(A).  The Second Circuit has found that, "New York defines robbery as

'forcible stealing,' which requires 'us[ing] or threaten[ing] the immediate use of physical force

upon another person.'"  Pereira-Gomez, 903 F.3d at 165 (quoting N.Y. Penal Law § 160.00)

(alterations in original).  "[F]orcible stealing [] is common to all degrees of robbery under New

York law . . . ."  Id. at 166.  As the Second Circuit recently stated: "This court has long

recognized New York robbery—in any degree—to be a violent crime under the elements clause

of ACCA and other federal laws."  United States v. Ojeda, 951 F.3d 66, 70 (2d Cir. 2020).

- 14 -

In <u>Pereira-Gomez</u>, the Second Circuit concluded that "robbery in any degree is a crime of violence under the 'force clause' of application note 1(B)(iii) to Section 2L1.2 of the 2014 Guidelines." <u>Pereria-Gomez</u>, 903 F.3d at 165.  The "force clause" of application note 1(B)(iii) to Section 2L1.2 of the 2014 Sentencing Guidelines provided that a "crime of violence" would include "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." <u>Id.</u> at 159 n.4. The latter portion of the "force clause" of application note 1(B)(iii) is nearly identical to the elements clause of section 924(c)(3)(A), the only difference being that the elements clause includes "person or property of another," while the force clause of the application note is limited to "the person of another."  The robberies comprising racketeering acts 4(b), 6(b), 8(b), 9(b), and 10(b), therefore, are crimes of violence under the elements clause of section 924(c)(3).  <u>See</u> <u>Belk v. United States</u>, 743 F. App'x 481, 482 (2d Cir. 2018) (summary order) (concluding that "[b]ecuase the 'force clause' of the ACCA . . . contains the same language as the 'force clause' of the Guidelines under review in <u>Pereira-Gomez</u> . . . <u>Pereira-Gomez</u> compels us to conclude that New York robbery in any degree also satisfies the ACCA's 'force clause.'").

Speed argues that because the jury did not specify which of the underlying racketeering acts underlying Count One—conspiracy to commit robbery or robbery—formed the predicate for its Count Three verdict, the Court must assume that it was the conspiracy acts, which in turn requires vacatur of the Count Three conviction because conspiracy is not a crime of violence under the elements clause.  The Court disagrees.  <u>Ivezaj</u> holds that where "at least two of those [racketeering] acts qualify as 'crime[s] of violence' under § 924(c), a § 1962 conviction serves as a predicate for a conviction under § 924(c)." <u>Ivezaj</u>, 568 F.3d at 96.  The presence of underlying racketeering acts that are not crimes of violence does not alter this

principle; in fact, the defendant in <u>Ivezaj</u> was found guilty of a non-violent racketeering act as well.  <u>Id</u>. at 96 n.5.  Moreover, were the court to utilize the modified categorical approach and look to the "limited class of documents" that is permitted, the violent nature of the racketeering acts is clear.  For example, racketeering act 2b charged that "Speed and CC-1, armed with a gun and using information provided by a co-conspirator. . . robbed and aided and abetted the robbery. . ." (Doc 55 at 6)  Racketeering act 4b charged that "Speed and CC-1 robbed, and aided and abetted the robbery of, the occupants of a residence. . . by threatening the occupants with a knife. . ." (<u>Id</u>. at 8).  Racketeering act 9b charged that "Speed, CC-1 and a co-conspirator . . . armed with guns. . . robbed and aided and abetted the robbery of individuals of proceeds from a gas station . . ." (<u>Id</u>. at 12.)  The jury specifically found these racketeering acts proven beyond a reasonable doubt, along with three other robberies.  (Doc 114, Ex. 4 at 1811-16.)  In fact, in finding Speed guilty of the section 924(c) charge, the jury also specifically found that Speed had brandished the firearm.  (<u>Id</u>. at 1814.)  These documents make it clear that Speed was convicted under either New York Penal Law § 160.10(1) or 160.10(2)(b).  Both are categorically crimes of violence under the elements clause.  <u>Pereira-Gomez</u>, 903 F.3d at 165.

The jury was instructed that "in order for you to find the defendant guilty of Count 3 in connection with the crime of violence in Count 1, you must further find that the defendant used or carried a firearm during and in relation to or possessed a firearm in furtherance of one or more of the conspiracies to commit robberies or one or more of the robberies in Count 1." (Doc 114, Ex. 5 at 1737.)  For the reasons discussed above, the Court agrees with Speed insofar as conspiracy to commit robbery is no longer a crime of violence under section 924(c), but the invalidity of one predicate (conspiracy to commit robbery) does not warrant vacatur of the Count Three conviction because robbery remains a crime of violence under the elements

clause.  The jury explicitly found the substantive robbery acts, which are crimes of violence, proved.  The jury found more than two acts proven that "qualify as 'crime[s] of violence' under § 924(c)," and therefore, Speed's Count One conviction remains a valid predicate for his Count Three conviction.  Ivezaj, 468 F.3d at 96.

CONCLUSION

For the reasons explained, Speed's motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED.  The Clerk is respectfully directed to terminate the motion (Doc 114).


SO ORDERED.


P. Kevin Castel
United States District Judge


Dated: New York, New York
       November 30, 2020